UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DANIEL J. FOSTER,

                          Plaintiff,

v.                                               Civil Action No._____

NCO FINANCIAL SYSTEMS, INC.,                **JURY TRIAL DEMANDED**

                        Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA").

### II. JURISDICTION AND VENUE

2. Subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C.§ 1331, and/or 28 U.S.C.§ 1337.

3. That Plaintiff's cause of action under the TCPA is predicated upon the same facts and circumstances that give rise to her federal cause of action. As such, this Court has supplemental jurisdiction over Plaintiff's TCPA causes of action pursuant 28 U.S.C. §1367.

### III. PARTIES

4. Plaintiff Daniel J. Foster is a natural person residing in the County of Erie and State of New York, and is a "consumer" as that term is defined by 15 U.S.C.§1692a(3).

5. Defendant NCO Financial Systems, Inc. (hereinafter "NCO") is a foreign business corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. That at all times relevant herein, Plaintiff was and is a "person" as defined by 47 U.S.C.§153(32).

7. That Defendant, at all times relevant herein, owned, operated and/or controlled "customer premises equipment" as defined by 47 U.S.C.§153(14), that originated, routed, and/or terminated telecommunications.

8. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

9. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by 47 U.S.C.§153(22).

10. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by 47 U.S.C.§153(43).

11. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by TCPA, 47 U.S.C.§153(52), that existed as instrumentalities of interstate and intrastate commerce.

12. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(1).

13. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

14. All references to "Defendant" herein shall mean the Defendant or an employee of said Defendant.

## IV. FACTUAL ALLEGATIONS

15. That upon information and belief, someone by the name of "Mary Gallow" incurred an obligation to pay money which arose out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family, or household purposes. This debt will hereinafter be referred to as "the subject debt."

16. That upon information and belief, the subject debt was a "debt" as that term is defined by is defined by 15 U.S.C.§1692a(5).

17. That upon information and belief, Defendant NCO was thereafter employed to attempt to collect the subject debt from Mary Gallow.

18. That Plaintiff Daniel Foster is not in any way legally obligated to pay the subject debt. In addition, Plaintiff has no relation to, nor does he know, the debtor Mary Gallow.

19. That during the months of August of 2007 through June of 2008, Defendant NCO called Plaintiff Daniel Foster's residential telephone line multiple times per day on multiple days per month in an attempt to collect the subject debt owed by Mary Gallow.

20. That most of the aforementioned telephone calls made by Defendant NCO used an artificial and/or prerecorded voice message directing Plaintiff to "please hold for important financial information."

21. That many of the aforementioned telephone calls made by Defendant were received by Plaintiff Foster on Saturdays and Sundays.

22. That in or about September of 2007, following receipt of one of the abovementioned telephone messages, Plaintiff Foster spoke with a representative for Defendant NCO. Upon discovering that Defendant was attempting to collect on a debt owed by Mary Gallow, Plaintiff Foster explained that he had no relation to Mary Gallow or the subject debt and instructed Defendant to refrain from calling his home telephone any longer.

23. That Plaintiff thereafter made several requests to Defendant NCO that they refrain from calling his home in an attempt to collect on the subject debt owed by Mary Gallow.

24. That despite Plaintiff's repeated notifications, Defendant NCO continued to deliberately transmit said artificial and/or prerecorded voice messages to Plaintiff Foster's residential telephone in an attempt to collect on the subject debt owed by Mary Gallow.

25. That during several other telephone calls with Defendant NCO, Plaintiff Foster requested that he be provided Defendant's physical address so that he would be able to mail Defendant a certified letter directing them to "cease and desist" all further communications with him. On at least two of said occasions, Defendant would immediately hang up on Plaintiff Foster.

26. That as a result of the foregoing, Plaintiff Daniel Foster became nervous, upset, and suffered from emotional distress.

## V. COUNT ONE
(Fair Debt Collection Practices Act
and 15 U.S.C. §1692 et seq.)

27. Plaintiff repeats and re-alleges and incorporates by reference paragraphs 1 through 26 above.

28. That Defendant violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(5) and 15 U.S.C. §1692d(6) by repeatedly causing Plaintiff's telephone to ring with the intent to annoy, abuse and harass and by repeatedly placing telephone calls without meaningful disclosure of the caller's identity.

29. That Defendant violated 15 U.S.C. §1692f and 15 U.S.C. §1692f(1) by attempting to collect from Plaintiff Foster despite the fact that he possesses no legal obligation to pay the subject debt and by refusing to provide Plaintiff with Defendant's physical address despite his repeated requests so that he could mail Defendant a certified "cease and desist" letter.

## VI. COUNT TWO
(Telephone Consumer Protection Act of 1991
and 47 C.F.R.64.1200, et seq.)

30. Plaintiff repeats, re-alleges and incorporates by reference the preceding and succeeding paragraphs in this Complaint as if each of them was reprinted herein below.

31. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and 47 C.F.R.14.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to Plaintiff's residential telephone service and/or using an artificial and/or prerecorded voice to deliver messages without having the consent of Plaintiff to leave such messages.

32. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

33. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this complaint, were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).

34. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiff, and disturbed his peace and tranquility at home and elsewhere.

35. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages and experience severe emotional distress.

36. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, is liable to actual damages, statutory damages, treble damages, and costs and attorneys fees.

37. Plaintiff received multiple telephone calls from an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B).

38. The Defendant caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling Plaintiff to a maximum of treble damages, pursuant to TCPA, 47 U.S.C.§227(b)(3).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k and 47 U.S.C.§223(b)(3)(B).

(c) Treble statutory damages pursuant to 47 U.S.C. §227b(3).

(d) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e) For such other and further relief as may be just and proper.

## VII. JURY DEMAND

Please take notice that Plaintiff Daniel Foster demands trial by jury in this action.

Dated: July 14, 2008

/s/ Kenneth R. Hiller
Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Offices of Kenneth Hiller
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
      ajordan@kennethhiller.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

Plaintiff Daniel Foster affirms that the following statements are true and correct under penalties of perjury:

I am the Plaintiff in this civil proceeding.

I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated: July 14, 2008


/s/ Daniel Foster
Daniel Foster